# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

FREDERICK CLARK,                                         PETITIONER

V.                                                       NO. 2:04CV274-M-B

DONALD CABANA, ET AL,                                    RESPONDENTS

## O P I N I O N

This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on September 24, 2004. Petitioner was convicted, in accordance with his plea of guilty, of grand larceny in the Circuit Court of DeSoto County, Mississippi. He was sentenced on July 1, 1996, to serve to serve five years in the custody of the Mississippi Department of Corrections, with the confinement suspended for a period of five years.[1]

The respondents filed a motion to dismiss on February 16, 2005, contending that the petition should be dismissed for lack of jurisdiction, in that petitioner is not in confinement for the conviction which he challenges, but instead is serving time for other convictions. Alternatively, the respondents ask for dismissal for untimely filing of the petition, pursuant to 28 U.S.C. § 2244(d)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of

---

[1] The suspended sentence was ordered to run consecutively with other sentences which petitioner was serving.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

Petitioner entered his guilty plea and was sentenced on July 1, 1996, to serve five years in the custody of the Mississippi Department of Corrections, with the sentence suspended. There is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101. Hence,

petitioner's judgment became final on July 31, 1996, 30 days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).[2]  Consequently, unless petitioner filed a "properly filed" application on or before July 31, 1997, to toll the period of limitation, any habeas corpus petition challenging the conviction would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). No properly filed post-conviction motions were filed by petitioner in the period allowed by § 2244(d)(2). The petition filed in this court in September 2004 was filed more than seven years after the allowable time. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of September, 2005.

                           **/s/ Michael P. Mills**
                           **UNITED STATES DISTRICT JUDGE**

---

[2] The Mississippi State Court allows one exception to the statutory prohibition to direct appeals from guilty pleas: an appeal from a guilty plea within 30 days may be taken when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977). Petitioner did not file such an appeal.